IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BRENT LIGHTSEY and** <br> **CHRISTY LIGHTSEY,** <br><br> Plaintiffs, <br><br> v. <br><br> **ALABAMA DHR,** <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )   Case No. 2:25-cv-603-RAH-CWB <br> ) <br> ) <br> ) <br> ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Brent and Christy Lightsey (the "Lightseys"), who are proceeding *pro se*, have filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 that seeks to challenge the actions of the Alabama Department of Human Resources ("ADHR") in removing their children from their custody. (*See* Doc. 1). For relief, the Lightseys seek "[i]mmediate action taken to have our children returned to us, and an investigation performed into Alabama DHR." (*Id*. at p. 7, ¶15).

Unfortunately for the Lightseys, the United States Supreme Court already has rejected the argument that a writ of habeas corpus is proper in the child custody/family rights setting:

> Although a federal habeas corpus statute has existed ever since 1867, federal habeas has never been available to challenge parental rights or child custody. Indeed, in two cases, the Court refused to allow the writ in such instances. *Matters v. Ryan*, 249 U.S. 375, 39 S.Ct. 315, 63 L.Ed. 654 (1919); *In re Burrus*, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 1500 (1890). These decisions rest on the absence of a federal question, but the opinions suggest that federal habeas corpus is not available to challenge child custody. Moreover, federal courts consistently have shown special solicitude for state interests "in the field of family and family-property arrangements." *United States v. Yazell*, 382 U.S. 341, 352, 86 S.Ct. 500, 507, 16 L.Ed.2d 404 (1966). Under these circumstances, extending the federal writ to challenges to state child-custody decisions—challenges based on alleged constitutional defects collateral to the actual custody decision—would be an unprecedented expansion of the jurisdiction of the lower federal courts.

1

*Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 511-12 (1982); *see also id.* at 510 ("Although the children have been placed in foster homes pursuant to an order of a Pennsylvania court, they are not in the 'custody' of the State in the sense in which that term has been used by this Court in determining the availability of the writ of habeas corpus."). Both the Eleventh Circuit and this court have recognized that *Lehman* precludes subject matter jurisdiction over purported habeas proceedings such as these. *See, e.g., Burns by & through A.B. v. Alabama*, 748 F. App'x 272 (11th Cir. 2019) (per curiam) (affirming dismissal of habeas proceedings for lack of jurisdiction: "It is impermissible 'to relitigate, through federal habeas, ... interest in [a petitioner's] own parental rights.'") (quoting *Lehman*, 458 U.S. at 511); *see also Dawson v. Buckner*, No. 3:23-CV-431, 2024 WL 3287929, *2 (M.D. Ala. Jan. 9, 2024) ("The fact that C.D. has been removed from Dawson's custody does not mean that the child is 'in custody' for federal habeas purposes. The Court lacks jurisdiction, and the claim is legally frivolous."), *report and recommendation adopted*, No. 3:23-CV-431, 2024 WL 3282067, **2-3 (M.D. Ala. July 2, 2024); *Harrison v. Ala. Dep't of Hum. Res.*, No. 3:24-CV-789, 2024 WL 5468487, **1-2 (M.D. Ala. Dec. 23, 2024), *report and recommendation adopted*, No. 3:24-CV-789, 2025 WL 825195, *1 (M.D. Ala. Mar. 13, 2025); *accord Rago v. Samaroo*, 344 F. Supp. 2d 309 (D. Mass. 2004) (adopting recommendation that habeas petition be dismissed for lack of jurisdiction).

It is well settled that "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). It likewise is well settled that the court must dismiss an action if it determines that subject matter jurisdiction is lacking. *See* Fed. R. Civ. P. 12(h)(3). Because the court lacks subject matter jurisdiction over the Lightseys' challenge to the state child custody proceedings, the Magistrate Judge **RECOMMENDS** that these proceedings be dismissed without prejudice.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **September 4, 2025**. An objecting party must identify the specific portion(s) of factual findings/legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge. [1]

---

[1] The undersigned has considered the possibility of construing the Lightseys' filing as a complaint seeking relief pursuant to 42 U.S.C. § 1983 or some other civil statute. *See Douglas v. Yates,* 535 F.3d 1316, 1320 (11th Cir. 2008) (construing complaint "liberally" because it was filed *pro se*); *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) ("[P]*ro se* complaint[s] … must be held to less stringent standards than formal pleadings drafted by lawyers."). Here, however, it is abundantly clear that the Lightseys intended only to seek habeas relief: their initial filing is titled "PETITION FOR WRIT OF HABEAS CORPUS" and seeks relief exclusively in the nature of habeas corpus. Despite the protections afforded to *pro se* litigants, leniency in pleading does not give the court "license to serve as *de facto* counsel for a party, or to otherwise rewrite a deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.,* 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted)). Moreover, it appears that the Lightseys are separately seeking § 1983 relief in the action docketed as 2:25-cv-597-MHT-JTA. A dismissal of the current petition without prejudice will not preclude the Lightseys from pursuing any other avenues of relief. *See Dawson*, 2024 WL 3282067 at *1 ("[T]he Recommendation concluded only that recourse is unavailable through federal habeas; it did not foreclose other avenues of recourse which may be available under the law.").

3

**DONE** this the 21st day of August 2025.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**

4