IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRENT LIGHTSEY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 2:25-CV-603-RAH |
| | ) |
| ALABAMA DEPARTMENT OF | ) |
| HUMAN RESOURCES, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

The Plaintiffs filed a petition for writ of habeas corpus on August 2, 2025, challenging the Alabama Department of Human Resources' (DHR) protective custody of their minor children. (Doc. 1.) On August 21, 2025, the Magistrate Judge recommended dismissal of the Plaintiffs' action without prejudice. (Doc. 15.) On September 3, 2025, the Plaintiffs filed timely objections. (Doc. 16.)

After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiffs' objections, the Court concludes that the Plaintiffs' objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and the Plaintiffs' petition is due to be dismissed without prejudice for lack of jurisdiction.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions de novo. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review requires that the district court

independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United States v. Gopie*, 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific to warrant de novo review. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783–85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

Plaintiffs raise several objections challenging the Magistrate Judge's conclusion that federal habeas relief is unavailable. They argue that federal habeas relief is proper because their children are presently in DHR's custody which was obtained through fraud. (Doc. 16 at 4–5.) They contend that a court cannot dismiss a habeas petition without first analyzing the fraud claim. (*Id.*) For support, Plaintiffs cite "*In re A.G. 10-12*, 970 F.3d 474 (11th Cir. 2020)." (Doc. 16 at 2, 4.) The Court, however, is unable to locate such a case or any other legal support for Plaintiffs' argument.

Federal courts are limited in the type of cases they can hear and decide. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). If the court lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). As the Magistrate Judge correctly noted, the United States Supreme Court has held that federal habeas relief is not available to challenge parental rights or child custody. *Lehman v. Lycoming Cnty. Child.'s Servs. Agency*, 458 U.S. 502, 511 (1982). Plaintiffs have shown no error in this finding, and therefore the Recommendation will be affirmed on this basis.

Next, Plaintiffs argue the Magistrate Judge erroneously failed to hear their 42 U.S.C. § 1983 claim. (Doc. 16 at 5.) The Magistrate Judge declined to construe Plaintiffs' filing as a 42 U.S.C. § 1983 claim because the Plaintiffs sought only habeas relief. (Doc. 15 at 3 n.1; *see also* Doc. 14 at 3.) Additionally, the Magistrate Judge noted that Plaintiffs are separately seeking § 1983 relief in another federal suit

filed on the same day as this action. *Lightsey v. Ala. Dep't of Hum. Resources*, No. 2:25-cv-597 (M.D. Ala. Aug. 2, 2025). Plaintiffs do not identify any errors in the Magistrate Judge's Recommendation on this issue. The Recommendation concluded only that federal habeas relief was unavailable—it did not foreclose relief under § 1983 in Plaintiffs' separate case.

Plaintiffs also argue that the Magistrate Judge should have given them an opportunity to amend their petition before recommending dismissal. (Doc. 16 at 5.) But the Plaintiffs did not seek formal leave to amend their petition. And even if they had, an amended petition would not alter the Court's conclusion that it lacks jurisdiction to grant habeas relief in this child custody matter. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). As such, any amendment would be futile.

In their Objections, Plaintiffs again ask for emergency injunctive relief. (Doc. 16 at 6–7.) But the Court already considered and rejected Plaintiffs' earlier requests (doc. 9; doc. 10) for emergency relief. (Doc 12; Doc. 13.) The Court will do so again.

Finally, in addition to the reasons articulated by the Magistrate Judge, the Court also concludes that the *Rooker–Feldman* abstention doctrine applies. Under the *Rooker–Feldman* abstention doctrine, a federal court does not have the power to review the final judgment of a state court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005) (describing the *Rooker–Feldman* doctrine as prohibiting "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commence and inviting district court review and rejection of those judgments"); *Biddulph v. Mortham,* 89 F.3d 1491, 1495 n.1 (11th Cir. 1996) ("The existence of this state court ruling calls our subject matter jurisdiction into question under the *Rooker–Feldman* abstention doctrine."). The *Rooker–Feldman* doctrine bars federal courts from entertaining challenges to state court child custody orders. *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332–33 (11th Cir. 2001); *Pepke v. Fla. Dep't of*

3

*Fams.*, 324 F. Supp. 3d 1258, 1265–68 (S.D. Fla. 2018). Here, Plaintiffs' claims appear to challenge certain state court orders regarding the custody of Plaintiffs' children. To that end, the *Rooker–Feldman* abstention doctrine applies and serves as an additional obstacle from this case proceeding forward.

Upon an independent review of the record, it is **ORDERED** as follows:

1. The Objections (doc. 16) are **OVERRULED**;
2. The Recommendation of the Magistrate Judge (doc. 15) is **ADOPTED**;
3. The Plaintiffs' § 2241 Petition (doc. 1) is **DISMISSED**; and,
4. The Plaintiffs' *Motion to Proceed in Forma Pauperis* (doc. 2) is **DENIED** as moot.

**DONE**, on this the 11th day of September 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE